SHIMADZU et al. v. ELECTRIC STORAGE BATTERY CO.

No. 7727.

District Court, E. D. Pennsylvania.

Nov. 15, 1939.

Braselton, Whitcomb & Davies and Edmund B. Whitcomb, all of Toledo, Ohio, George H. Souther, of Niagara Falls, N. Y., Hunt, Hill & Betts, Geo. Whitefield Betts, Jr., and George Yamaoka, all of New York City, Carl F. Schaffer, of Toledo, Ohio, and Rawle & Henderson and Joseph W. Henderson, all of Philadelphia, Pa., for plaintiff.

Augustus B. Stoughton, of Philadelphia, Pa., Hugh M. Morris, of Wilmington, Del., A. F. Kwis, of Cleveland, Ohio, and E. S. W. Farnum, Jr., of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The Supreme Court has directed this Court "to determine whether 1,584,149 is valid and infringed" "in the light of the dismissal as to those patents" (1,584,150 and 1,896,020). 307 U.S. 5, 59 S.Ct. 675, 684, 83 L.Ed. 1071.

It is true that this Court was not directed to dismiss the bill as to '149, but that does not affect the questions whether or not the decree is to stand until the questions of validity and infringement have been determined, and whether or not the determination which the Supreme Court requires shall be made from the existing record without further testimony.

■ The first question is not of very great importance, because, whether the decree is now vacated or not, I think the right of appeal would not be forfeited by the losing party. However, as the record now stands, there is a finding that '149 is valid and infringed, and it will be noted that the Supreme Court did not direct this Court to re-examine or reconsider its ruling on that point. The direction is "to proceed to determine." That means to me to start and carry through a process which ends, not begins, with a conclusion upon the questions presented. Therefore, I think that the proper interpretation of the Supreme Court's order would be to vacate that part of the decree which declares '149 valid and infringed.

■ The question as to taking additional testimony cannot be solved by reference to the order of the Supreme Court. "Proceed to determine" applies just as well to proceeding by a reexamination of the record as it stands as it would to proceeding by taking new testimony and then considering it in connection with the present record. The question of additional testimony under circumstances of this kind would normally be a matter for the discretion of the District Court, and I believe that it was the intention of the Supreme Court in making the present order to leave the matter open for the District Court to decide whether or not further testimony would be necessary.

■ In so doing I would be guided more by considerations of fairness to the parties than anything else, although, of course, it is undesirable to throw the case wide open for a new flood of testimony, and that should be avoided if it can be done without injury to the parties. I believe on the whole that there is plenty of evidence in the old record bearing upon every phase of the question to allow the new determination ordered to be made without additional testimony. I have examined the affidavits of the plaintiff as to proposed testimony to be adduced, and I find very little in the nature of fact evidence. Most of what the experts say that they will say if called as witnesses can readily be argued from the record as it stands. I therefore deny the motion of the plaintiff to adduce additional testimony. The motion is denied, however, without prejudice to the plaintiff to renew it, if, after argument, it appears to the Court that any injustice has been done him by the procedure adopted by the Court.